Selemon MESFIN, aka Selemon Tsegie Mesfin, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73429.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Oct. 23, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vicenta E. Montoya, Esq., Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY **, Senior Judge.

## MEMORANDUM ***

1. Selemon Mesfin, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals's ("BIA") decision dismissing his appeal from the immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.

1. We review factual determinations, including whether a petitioner is eligible for asylum, under the substantial evidence standard. *Acewicz v. INS,* 984 F.2d 1056, 1061 (9th Cir.1993). We must uphold the BIA's decision unless the evidence compels a contrary result. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999). To the extent the BIA adopts the IJ's decision, the IJ's decision is treated as that of the BIA. *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000).

The record does not compel the conclusion that Mesfin was persecuted or has a well-founded fear of persecution based on a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1486–87 (9th Cir.1997); *Gu v. Gonzales,* 454 F.3d 1014, 1020 (9th Cir. 2006). Mesfin, along with thousands of other students, was detained by Ethiopian government authorities after violent student demonstrations broke out causing millions of dollars in damages and resulting in as many as forty-one deaths. The majority of student demonstrators were eventually released and allowed to return to classes. There is no evidence that authorities have issued an arrest warrant or otherwise sought out Mesfin since he fled the country. The BIA's conclusion that Mesfin did not establish eligibility for asylum due to persecution or a well-founded fear of persecution on the basis of a protected ground is thus supported by substantial evidence. *See Singh v. INS,* 134 F.3d 962, 967–71 (9th Cir.1998); *Prasad v. INS,* 47 F.3d 336, 338–40 (9th Cir.1995).

3. Because we affirm the BIA's determination that Mesfin failed to establish eligibility for asylum, we also affirm the denial of his application for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to

---

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

demonstrate eligibility for withholding of deportation.") (*citing Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995)).

DENIED.